In the Matter of the Claim of HYMAN GOLDSTEIN, Respondent. MICHAEL J. MURPHY, as Acting Industrial Commissioner of the State of New York, Appellant.

Third Department, March 8, 1944.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General; W. Gerard Ryan* and *Francis R. Curran, Assistant Attorneys-General,* of counsel), for appellant.

No appearance for respondent.

HEFFERNAN, J. Claimant, Hyman Goldstein, a clothing worker at the Bond Clothing Company in Rochester was totally unem-

ployed between December 24, 1942, and January 3, 1943, inclusive. His regular reporting day at the local office was on Monday. He failed to report on January 4, 1943, to claim credit for the previous week of statutory unemployment. He returned to work on January 4, 1943. Claimant stated that he appeared at the local office on January 9, 1943, but that he did not remain to report because of the great number of people ahead of him. He did appear on January 11, 1943, at which time he was refused credit for the week of unemployment because of his failure to appear on January 4th or to give written notice within six days as required by the regulations of the Industrial Commissioner.

Claimant requested a hearing from the initial determination and the referee sustained the decision. The Unemployment Insurance Appeal Board reversed the referee and the Acting Industrial Commissioner has appealed from that determination.

Subdivision 3 of section 503 of the Unemployment Insurance Law (Labor Law, art. 18) provides in substance that no employee shall be entitled to benefits unless suffering from total unemployment and unless he has registered as totally unemployed and reported for work or otherwise given notice of the continuance of his unemployment. Subdivision 2 of section 510 provides that one claiming benefits shall make a report in accordance with the regulations established by the Commissioner.

Pursuant to section 8 of article IV of the State Constitution and section 518 of the Labor Law the Industrial Commissioner filed in the Department of State a regulation known as UI 18–41 which provides as follows:

" Section 1. Each claimant shall report and certify to his unemployment, at specified days and hours established for him by the field office of the Division of Placement and Unemployment Insurance during the course of each week following the termination of a statutory week in which he suffered more than three days of total unemployment and did not earn more than $24 and at such other times as such office may direct.

\* \* \* \* \* \* \*

" Section 4. If a claimant fails to report as required following the statutory week in which he suffered more than three days of total unemployment, such days shall not be registered as days of total unemployment, unless he

" (a) notifies the field office in which the claim is on file, in writing or in person, within six days following the date on which he failed to report, stating the dates of such days of total unemployment, and

" (b) satisfies the Commissioner that he had good cause for not having reported on the date appointed for this purpose, and

" (c) follows up a notification made in writing by a personal report within six months."

The only question before us is whether the board had power to excuse claimant's failure to comply with the reporting requirements contained in the regulations and in the statute.

When claimant appeared at the local office on January 11, 1943, he gave the following excuse in writing for his failure to report on January 4th or to make the report in writing: " I came to the unemployment insurance office on Saturday, January 9, 1943, to sign for the time off from December 25, 1942, through January 3, 1943. I came a quarter of ten and went away because the line was too long. I had other business to attend to."

The Commissioner is charged with the administration of the law. He has issued regulations under the authority of the statute for its administration. It is not the function of the appeal board to administer the law. Its duty is to pass upon questions of law and fact. No claim is made that the rule established by the Commissioner is arbitrary, unreasonable or capricious. Neither can it be urged that claimant had a good excuse for not reporting. His written statement which I have quoted brands that excuse as frivolous. Certainly he had opportunity to notify the local office in writing even though he had no time to make a personal report. However, the question as to whether claimant had a meritorious excuse for not reporting is not before us. He never applied to the Commissioner to excuse his default. The question whether or not the default was excusable was not before the referee, was not before the appeal board and is not before us. I have no quarrel with the statement that, if the Commissioner promulgated an unreasonable regulation or if he arbitrarily, unreasonably or capriciously rejected a meritorious excuse for not reporting, his determination would be reviewable before the tribunals created by the Labor Law and also by the courts. No such question is before us in this case because no application was made by claimant to the Commissioner to relieve him from failure to report.

Some question has arisen as to the authority of the Commissioner to excuse a default. Certainly the power to make the regulation carries with it power to relieve from noncompliance therewith.

The decision of the Unemployment Insurance Appeal Board should be reversed on the law and the decision of the referee affirmed, without costs.

BREWSTER, J. (concurring). I concur in Judge HEFFERNAN's opinion to reverse upon the ground that there was no question lawfully before the appeal board for its decision as to claimant's dissatisfaction with the initial determination which was confirmed by the referee.

No dispute existed over the fact that claimant had failed to comply with the rule duly established by the Commissioner, the integrity or propriety of which has not been challenged. The statute had authorized the rule. It had the force of law. The statute forbade the benefits claimant sought if he failed to comply with the rule. His appeal was that because of certain facts and circumstances the application of the rule in his given instance should be suspended; that he be forgiven or excused for his default in compliance. He asked for an act of grace. This is the relief the appeal board granted him. Neither in the statute nor in the rules and regulations made by the Commissioner does it appear that there are any provisions for the amelioration thus sought and which has been allowed. Neither the referee nor the appeal board has been given any power to rescind, amend or suspend the rules made by the Commissioner. The power to suspend a rule, because it applies harshly, or for any other reason, amounts virtually to a rule-making power. The initial denial of claimant's prayer must, I think, be considered to be an act of administration. The initial determination was merely to the effect that the established rule should be enforced. To hold that the appeal board has jurisdiction to decide that it should not be, would be to grant them a rule-making power which is only vested in the Commissioner. An orderly and just administration of the law (Labor Law, art. 18) requires that the different fields of official functioning which it marks out should be kept clearly defined.

I find nothing in the statute which defines with any definiteness the jurisdiction of the referees or the appeal board. This, I believe, is what has made the given case somewhat puzzling. The statute does say (Labor Law, § 533, subd. 2) that, unfettered by common-law or statutory rules of evidence or technical rules of procedure, they may conduct hearings and appeals in " *such manner as to ascertain the substantial rights of the parties.*" But I cannot find in this power given as to the " manner " of *ascertaining* the rights referred to, that there was given any power either to ordain or prescribe them. The administration

of the law (Labor Law, § 18) involves so complex and vast an amount of detail that without rules and regulations it would be chaotic. Proper rules duly established must necessarily be rigid. The power to make and the power to enforce them must come under one head. Such is vested in the Commissioner. Since they are essential to proper administration I fail to see how any party may have a *substantial right* to either suspension or relaxation in a given case. If it be deemed that an act of grace is due, and that policy permits it, such, it seems to me, can only be termed a pure act of administration, the power to exercise which is vested solely in the Commissioner.

Hill, P. J. (dissenting). This appeal involves the rejection of a claim under the Unemployment Insurance Law. Respondent was refused credit for unemployment because of his failure to appear or to give written notice within the period fixed by the regulations of the Industrial Commissioner. The initial determination was sustained by the referee following a hearing held under the Labor Law (§ 530). Claimant-respondent appealed to the appeal board (Labor Law, § 531) which reversed the decision of the referee and determined that he was entitled to be credited with the period of total unemployment asserted. The Attorney-General attacks the latter decision upon the ground that the board lacked power to excuse claimant's failure to report.

" The appeal board may decide any case appealed to it under any provision of this article on the basis of the record and of evidence previously submitted in such case, or it may, in its discretion hear argument or hold a further hearing, or remand such case to a referee for such purposes as it may direct. * * * The appeal board may affirm or reverse, wholly or in part, or may modify, the decision appealed from, * * *." (Labor Law, § 532.) " A decision of a referee under any provision of this article, if not appealed from, shall be final on all questions of fact and law. A decision of the appeal board shall be final on all questions of fact, and, unless appealed from, shall be final on all questions of law." (Labor Law, § 534.) Following a decision by the appeal board, " the commissioner or any other party affected thereby who appeared at the appeal before the appeal board may appeal questions of law " to the Appellate Division, Third Department, and in turn to the Court of Appeals. (Labor Law, § 535.) Under the evidence in this case, a trier of the facts could determine that claimant had good cause which should have satisfied the Commissioner, for

not reporting within the time prescribed. The referee's decision on this issue of fact was final only until the appeal was taken to the appeal board. The board's decision was final unless it be determined that there was no evidence from which the inference could be drawn that a good cause for failure to report existed. Then this court would have power to pass upon that question of law. The decision of the question of fact by the appeal board was final and should be affirmed.

SCHENCK, J., concurs with HEFFERNAN, J.; BREWSTER, J., concurs with HEFFERNAN, J., and with a separate memorandum; HILL, P. J., dissents in opinion in which BLISS, J., concurs.

Decision of the Unemployment Insurance Appeal Board reversed on the law and the decision of the referee affirmed, without costs.